People v Hendricks (2024 NY Slip Op 03548)

People v Hendricks

2024 NY Slip Op 03548

Decided on June 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2024

Before: Moulton, J.P., Friedman, Kapnick, Shulman, Michael, JJ. 

Ind. No. 657/17, 20451C/19, 5699C/17 Appeal No. 2569 Case No. 2020-00454, 2020-04314 

[*1]The People of the State of New York, Respondent,
v
Tyrell Hendricks Also Known as Myisha Hendricks, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Max Bernstien of counsel), for respondent.

Judgment, Supreme Court, New York County (Patricia M. Nunez, J., at plea; Guy H. Mitchell, J., at sentencing), rendered September 26, 2019, convicting defendant of burglary in the third degree, and sentencing her, as a second felony drug offender, to a term of 2 to 4 years, unanimously affirmed.
Defendant's purported waiver of appeal was invalid, as the Court failed to explain the nature of the rights she was forfeiting. The Court merely asked the defendant whether she was giving up her right to appeal. Defendant's brief assent was insufficient to establish that her waiver was knowing, intelligent and voluntary (see People v Padilla, 206 AD3d 456, 457 [1st Dept 2023]).
Defendant's contention that the charges against her should have been dismissed because she had substantially complied with her plea agreement is unpreserved, and we decline to address it in the interest of justice. As an alternative holding, we reject it on the merits. Defendant's claim of substantial compliance is not supported by the record, which shows, among other things, that defendant failed to complete the required 12 months of out-patient treatment, relapsed on drugs numerous times, failed to report to the court as required, and was rearrested for assaulting an emergency medical technician who responded to a call that defendant had been found unconscious and intoxicated on the street. Accordingly, the court properly imposed sentence.
Defendant's argument that her sentence constituted cruel and unusual punishment has been rendered moot by her completion of the sentence (see People v Holmes, 217 AD3d 633, 633 [1st Dept 2023], lv denied 40 NY3d 1080 [2023]). In any event, the argument is unpreserved and unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2024